BENTON v. BARNET.

When notes secured by a mortgage are held by different persons, if each holder brings a foreclosure suit the actions may be consolidated, and the holders may have separate judgments.

Writ of Entry, to foreclose a mortgage. Facts found by the court.

The mortgage is the same as that in the suit *Noyes* v. *Barnet*, 57 N. H. 605, and is held by Noyes. Benton holds three and Noyes holds one of the notes secured by the mortgage. Noyes's suit was entered at the April term, 1874, and Benton's at the April term, 1877. At the November term, 1876, Noyes obtained leave to amend by joining Benton as co-plaintiff, and filed the amendment at the November term, 1877, Benton objecting. At the November term, 1878, the defendant moved for a nonsuit in Benton's suit because Noyes was not joined as co-plaintiff, which motion was granted unless the plaintiff would amend; and the plaintiff excepted. The plaintiff thereupon amended by joining Noyes as co-plaintiff; whereupon the defendant renewed his motion for a nonsuit because of the pendency of the prior action. The motion was denied, and the defendant excepted. The evidence tended to show a defence to the note held by Noyes. The court found for the plaintiff, Benton, and ordered conditional judgment as of mortgage for the amount of the notes held by him, to which the defendant excepted, and filed this bill of exceptions, which was allowed.

*Ray*, *Drew & Jordan*, for the defendant.

*Benton & Hutchins*, for the plaintiff.

Smith, J. The suit last brought should be consolidated with the first suit, costs being regulated at the trial term. Benton need not wait until Noyes has established his right to recover. The holders of the notes may have separate judgments, and at the same or different terms. If Noyes recovers a separate judgment, the rights of the parties can be as well adjusted as if there were but one judgment for Benton and Noyes.

*Exceptions overruled.*

Stanley, J., did not sit: the others concurred.